# Smith v. Commonwealth.

Oct. 10, 1941.

Fred K. Cope for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Arthur Smith, has been convicted of the crime of chicken stealing and his punishment fixed at confinement in the state penitentiary for a term of one year. The first ground relied upon for reversal of the judgment is alleged error of the court in overruling appellant's motion for a directed verdict of acquittal.

The prosecuting witness, Cordelia Lewis, testified that seven hens and one rooster were taken from her chicken house, and on the morning after the theft she discovered a trail of feathers leading over the mountain side toward the home of Smith. Mrs. Lewis lives near Hazard, Kentucky, about 2½ miles from Smith's home. Accompanied by Bessie Stacy and Homer Stacy, she went to Smith's home where she found eight chickens in a coop and which she recognized as the chickens that had been stolen. When she told Smith the chickens belonged to her he said he had bought them but if they were her chickens she could take them. Smith testified that he had bought the chickens, but failed to name or produce as a witness the former owner. There was direct evidence that the chickens had been stolen and were found in the possession of appellant a few hours after the theft. The evidence was sufficient to take the case to the jury and to sustain its verdict, and the court did not err in overruling appellant's motion for a directed verdict.

Cordelia Lewis was permitted to testify over appellant's objection that she had not lost any chickens before Archie Lucas moved into her neighborhood, and it is argued that this evidence was incompetent. We fail to see, however, how it could have been prejudicial to the substantial rights of the appellant, Arthur Smith.

Counsel for appellant in concluding his brief states that the trial court erred in overruling the demurrer to the indictment and refused to give the whole law of the case when instructing the jury, but he fails to point out in what respect the indictment is defective or the instructions erroneous. We have carefully examined both the indictment and instructions and find no defect in either.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.